costs. This record presents but a question of law. We are of opinion that the consideration for the note in suit did not fail, for the reason that title to the truck passed to defendant Milton H. Goodfriend without delivery. (Pers. Prop. Law, § 100, rule 1;* *Groat* v. *Gile*, 51 N. Y. 431; *Bradley* v. *Wheeler*, 44 id. 495.) Further, in no event was there a failure of consideration as plaintiff gave value for the note before maturity and before the breach of the agreement to deliver. (*Tradesmen's Nat. Bank* v. *Curtis*, 167 N. Y. 194.) Lazansky, P. J., Rich, Hagarty and Scudder, JJ., concur; Kapper, J., dissents upon the ground that the plaintiff's financing was based upon the sale and delivery to defendants of a truck never delivered, and hence there was no consideration for the note.

FRANK FLYNN and MARCELLA FLYNN, as Administrators, etc., of FRANCIS FLYNN, Deceased, Respondents, v. THE BROOKLYN IMPROVEMENT COMPANY, Appellant. (Appeal No. 1.) — Order denying defendant's motion for judgment on the pleadings affirmed, without costs. We are of opinion that the complaint, as amplified by the bill of particulars, is sufficient. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

FRANK FLYNN and MARCELLA FLYNN, as Administrators, etc., of FRANCIS FLYNN, Deceased, Respondents, v. THE BROOKLYN IMPROVEMENT COMPANY, Appellant. (Appeal No. 2.) — Order dated March 14, 1929, granting motion to resettle order dated January 21, 1929, reversed upon the law and motion denied, without costs. We fail to appreciate the action of counsel for the respective parties in this appeal. In *Flynn* v. *Brooklyn Improvement Co.*, *No. 1* (*ante*, p. 765), decided herewith, we have held the complaint, as amplified by the bill of particulars, to be good. The defendant here appeals from an order, made upon motion by plaintiffs, to resettle the original order (*Flynn* v. *Brooklyn Improvement Co.*, *No. 1*, *supra*) by striking out the bill of particulars, which removes the uncertainty arising from the alternative allegation in the complaint that plaintiffs' intestate was " lawfully upon or at or near " the property of defendant. In view of the decision in *Flynn* v. *Brooklyn Improvement Co.*, *No. 1* (*supra*), the appeal from the order of January 21, 1929, is dismissed. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

FLORENCE T. FOYE, Respondent, v. ARTHUR FOYE, Appellant.— Order denying motion to dismiss complaint affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

HERMAN GLASER, JR., an Infant, by HERMAN GLASER, SR., His Guardian ad Litem, Respondent, v. HENRY M. DIETZ and Others, Defendants, and GEORGE TIPPETT, Appellant.— Order denying motion of defendant Tippett to dismiss the complaint affirmed, with ten dollars costs and disbursements. Whether plaintiff was a trespasser, to whom no duty was owing, must be determined upon the trial. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

GEORGE GRAVENHORST and FREDERICK W. GRAVENHORST, Copartners Trading under the Firm Name of GRAVENHORST & COMPANY, Appellants, v. JOSEPH B. TURNER and Others, Copartners, etc., Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Seeger, Carswell and Scudder, JJ.

WILLIAM HARMAN, Respondent, v. DAVID E. SHAPIRO, Appellant, and HARRY

* Added by Laws of 1911, chap. 571, known as the Sales of Goods Act.— [REP